UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TINA W. KERSHAW** | : | **DOCKET NO. 06 CV 1300** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **LINDA S. MCMAHON, ACTION COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Presently before the court is Claimant's petition for judicial review of the defendant's denial of social security benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), I find that the Secretary's decision is supported by substantial evidence in the record and is consistent with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

Claimant filed the instant applications for Disability Insurance Benefits and Supplemental Security Income payments alleging disability due to brain trauma, headaches, endometriosis, back injury, fibrous dysplasia, hyperglycemia, and knee and neck trauma. (Tr. 99-108, 127, 131). The claims were denied at the initial stage of the administrative process. Thereafter, Claimant requested, and received a March 9, 2005, hearing before an ALJ. (Tr. 680). However, in a October 28, 2005, written decision, the ALJ determined that Claimant was not disabled under the

Act, finding at Step Five of the sequential evaluation process that she retained the residual functional capacity to perform a limited range of light work and that there were jobs existing in significant numbers in the national economy that she could perform. (Tr. 21-22). Claimant appealed the adverse decision to the Appeals Council. Yet, on June 8, 2006, the Appeals Council denied Claimant's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7).

## STANDARD OF REVIEW

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the claimant had the burden of proof to establish a medically determinable physical or mental impairment that prevented her from engaging in any substantial gainful activity for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A) & 1381(a). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*,

or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW AND ANALYSIS

The Commissioner evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Commissioner's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit her to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Commissioner to establish that the claimant can perform other work. If the Commissioner meets this burden, then the claimant must then prove that she cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

Claimant filed this action seeking judicial review of the denial of benefits. Generally, she claims the following errors:

(1) The ALJ's RFC evaluation was not supported by substantial evidence;

(2) The ALJ erred in implicitly finding that Claimant could work "on a regular and continuing basis." *See* 20 C.F.R. § 404.1545 (2002), and SSR 96-8p (1996)

3

(3) The ALJ erred in failing to fully credit Claimant's complaints;

The ALJ found that Claimant suffers from pain disorder; affective mood disorder; a cognitive disorder due to a brain injury; left wrist, neck and low back pain; mild obesity; borderline intellectual functioning; and headaches. He concluded that these conditions resulted in a severe impairment. (Tr. 15) He further found:

> [T]he claimant retains the functional capacity for a wide range of work at the light exertional level.[1] She can lift/carry 10 pounds frequently and 20 pounds occasionally. Due to her complaints of pain, she can only stand/walk for 3-4 hours in an 8-hour workday. She can sit for about 6 hours in an 8-hours workday. She can manipulate and fine finger with her non-dominant hand frequently, but not constantly. Her dominant hand has no manipulative restrictions. She should not work around dangerous, moving machinery or unprotected heights. She

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §404.1567(b).

Even though the weight lifting in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing - the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semi-skilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position. "Frequent" means occurring from one-third to two-thirds of the time period. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirements of the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work. Social Security Ruling 83-10, at p. 179.

4

>cannot be required to climb ropes, ladders or scaffolds or be required to crawl. She can occasionally negotiate ramps and stairs and bend, stoop, kneel, or crouch. Mentally, the claimant is limited to simple, routine tasks. The work should only involve limited contact with the public, coworkers, and supervisors. (Tr. 19-20) (footnote added).

It is clear that the ALJ's determination of limitations related to physical impairments was based on the testimony of Dr.Hoang. (Tr. 710-715). Despite the fact that Dr. Hoang was a non-examining physician his testimony can support the ALJ's RFC determination so long as it is not inconsistent with the findings of the examining physicians. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 2007); *Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990). Dr. Hoang's testimony relative to Claimant's physical limitations does not appear to contradict any specific findings of examining physicians. In fact, Dr. Hoang's restrictions on activity are substantially greater than those indicated by Dr. Davidoff, an examining physician. (Tr. 367).

The ALJ's determination of limitations related to mental impairments appears to rest primarily on the Medical Source Statement of Ability to Do Work-Related Activities (Mental) of Dr. Charles Robertson. (Tr. 616-618). The restrictions adopted by the ALJ are consistent with, if not more restrictive, than those specific restrictions listed by Dr. Robertson. However, in the Summary and Recommendations section of Dr. Robertson's report he states:

>Current test results reflect the presence of a pain disorder associated with physical and psychological features and a comorbid major depression. Intellectual ability is in the borderline range and her overall memory scores are consitent with or slightly higher than her intellectual ability scores. There are no indications of severe residual cognitive deficits associated with her reported traumatic brain injury in 1997. She describes herself as independent in activities of daily living. Her primary present barrier to employment appears to be her chronic pain associated with headaches and the **subsequent requirement that she take major pain killers to treat those problems. . . . She does not appear to be capable of meeting the demands of daily employment at this time**. . . .   (Tr. 610) (emphasis supplied).

5

The ALJ refused to credit Dr. Robertson's opinion to the effect that Claimant was not able to meet the demands of daily employment at the time, and gave two reasons for doing so. First, as the ALJ noted, a physician's opinion on the ultimate issue of ability to work is not given controlling weight or even special significance. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Secondly, the ALJ noted that Dr. Robertson's conclusory statement was inconsistent with the specific limitations he placed on Claimant in his Medical Source Statement of Ability to Do Work-Related Activities (Mental). (Tr. 19). The ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Greenspan v. Shalala*, 38 F.3d 232 (5th Cir. 1994); *See also* 20 C.F.R. §404.1527(c)(2) ("If any of the evidence in your case record, including any medical opinion(s) is inconsistent with other evidence or is internally inconsistent, we will weigh all the other evidence and see whether we can decide whether you are disabled based on the evidence we have.").

However, Dr. Robertson's statement and a similar statement by Dr. Friedberg[2] raise the issue of whether the ALJ had to make a specific finding that Claimant was not only capable of finding employment, but also capable of maintaining employment. *See Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002). Absent evidence that a claimant's ability to maintain employment would be compromised despite his or her ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and

---

[2] Dr. Friedberg concluded:
Due to her level of long-term depression and struggle with chronic pain, Ms. Kershaw would most likely have some difficulty tolerating the stress and pressure of a day-to-day work activity. . . . (Tr. 362).

continuing basis is inherent in the definition of RFC, a specific finding that the claimant can maintain employment is not required. *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). Here there is substantial evidence that Claimant's "ability to maintain employment would be compromised despite his or her ability to perform employment as an initial matter." However, because the ALJ decision clearly reflects that the ALJ understood that the ability to sustain employment was inherent in his determination of RFC no reversible error was committed. In assessing Dr. Robertson's opinion the ALJ noted "the claimant's ability to sustain employment is the ultimate issue at stake in the case." (Tr. 19).

The ALJ's determination of RFC is clearly inconsistent with Claimant's testimony. Claimant contends that the ALJ committed error in not fully crediting her testimony. The evaluation of Claimant's subjective symptoms is a task particularly within the province of the ALJ. *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir.1983); *see also Falco v. Shalala*, 27 F.3d 160 n. 18 (5th Cir. 1994); *James v. Bowen*, 793 F.2d 702, 706 (5th Cir.1986); *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir.1991). Factors that the ALJ may consider in evaluating the claimant's subjective complaints include: (1) claimant's daily activities; *Falco v. Shalala,* 27 F.3d 160 (5th Cir. 1994); *Anthony v. Sullivan*, 954 F.2d 289, 296 (5th Cir. 1992); *Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990); (2) medication the claimant takes for pain; *Anthony v. Sullivan*, *supra; Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990); (3) lack of pain or tenderness on physical examination; *Anthony v. Sullivan, supra*; (4) claimant's failure to follow a regular course of prescribed treatment; *Villa v. Sullivan, supra; see also Vaughan v. Shalala*, 58 F.3d 129 (5th Cir. 1995); (5) the lack of medical opinions in the record indicating the claimant is precluded from performing the level of activity indicated by the ALJ; *Villa v. Sullivan, supra*; (6) external

manifestations of debilitating pain such as marked weight loss. *Falco v. Shalala,* 27 F.3d 160 (5th Cir. 1994); *see also* 20 CFR §§ 404.1529(C)(3)(i)-(vii), 416.929(c)(3)(i)-(vii) (1993).

When it is necessary to evaluate the claimant's credibility the ALJ must assign articulated reasons for discrediting his testimony. *Abshire v. Bowen*, 848 F.2d 638 (5th Cir. 1988). However, he is not required to follow formalistic rules in his articulation. *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994). (Where the ALJ concluded that several symptoms were not caused by injury, that claimant's subjective complaints were exaggerated and that medical evidence was more persuasive than the claimant's own testimony, he sufficiently articulated reasons for rejecting the claimant's subjective complaints of pain). The record reveals that the ALJ carefully assessed Claimant's credibility. His determination on the issue of credibility is entitled to deference.

Accordingly, it is

IT IS RECOMMENDED that the Commissioner's decision be affirmed.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of August, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE